# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| 1) UNITED STATES OF AMERICA,  )<br>  )<br>   Plaintiff,  )<br>  )<br>   -vs-  )<br>  )<br>2) Defendant No. 1:  )<br>**355630 EAST 5400 ROAD,**  )<br>**MARAMEC, OKLAHOMA 74045,**  )<br>  )<br>3) Defendant No. 2:  )<br>**13586 NORTH HIGHWAY 77,**  )<br>**MULHALL, OKLAHOMA 73063,**  )<br>  )<br>   Defendants.  ) | No. CIV-23-309-JD |

## AMENDED VERIFIED COMPLAINT FOR FORFEITURE *IN REM*

The United States of America brings this complaint and, in accordance with Supplemental Rule G(2) of the Federal Rules of Civil Procedure, alleges the following:

## NATURE OF THE ACTION

1. Plaintiff, United States of America, alleges for this *in rem* forfeiture action brought against 355630 East 5400 Road, Maramec, Oklahoma 74045, and 13586 North Highway 77, Mulhall, Oklahoma 73063, (together, "**Subject Properties**") that **Subject Properties** are subject to forfeiture pursuant to 21 U.S.C. § 881(a)(7), for violations of 21 U.S.C. §§ 841(a)(1) and 846.

## THE DEFENDANT *IN REM*

2. Defendant 1 is real property known and numbered as 355630 East 5400 Road, Maramec, Oklahoma 74045 ("**Subject Property 1**"), with all appurtenances, improvements and attachments thereon, more particularly described as:

> The West Half (W/2) of the Northeast Quarter (NE/4) of Section (9), Township (20) North, Range Six (6) East of the Meridian, Less and Except 8.87 Acre Tract described as Follows: Beginning at the Southeast Corner of the (W/2 NE/4); thence North along the West Line of said (W/2 NE/4) a Distance of 322.4 Feet; thence North 89 45' East a Distance of 653.4 Feet; thence South 0 15 East a Distance of 50 Feet; thence North 89 A5 East a Distance of 689.8 Feet to a Point On the East Line of said (W/2 NE/4); thence South along said East Line a Distance of 255.0 Feet to the Southeast Corner of said (W/2 NE/4); thence West along the South Line of said (W/2 NE/4) a Distance of 1342.3 Feet to the Point of Beginning, In Pawnee County, State of Oklahoma, according to the United States Government Survey thereof.

The property was formerly described as follows:

> The West Half (W/2) of the Northeast Quarter (NE/4) of Section (9), Township (20) North, Range (6) East of the Indian Meridian, Less and Except and 8.87 Acre Tract Described as Follows: Beginning at the Southwest Corner of the West Half (W/2) of the Northwest Quarter (NE/4); thence North along the West Line of said (W/2) NE/4) a Distance of 322.4 Feet; thence North 89 45' East a Distance of 653.4 Feet; thence South 0 15' East a Distance of 689.8 Feet to a Point On the East Line of said (W/2 NE/4); thence South along said East Line a Distance of 255.0 to the Southeast Corner of said (W/2 NE/4); thence West along the South Line of said (W/2 NE/4) a Distance of 1342.3 Feet to the Point of Beginning, In Pawnee County, State of Oklahoma, according to the United States Government Survey thereof.

The Defendant Property has not been seized but is within the jurisdiction of the Court. The purchaser of record of **Subject Property 1** is Yan Yun Zhu ("ZHU"), pursuant to a General

Warranty Deed recorded on January 6, 2020, in the records of the County Clerk of Pawnee County, Oklahoma.

3. Defendant 2 is real property known and numbered as 13586 North Highway 77, Mulhall, Oklahoma 73063 ("**Subject Property 2**"), with all appurtenances, improvements and attachments thereon, more particularly described as:

> All the following real property and premises situated in Logan County, State of Oklahoma, to wit:
>
> The South Half (S/2) of the Southwest Quarter (SW/4) of Section Twenty-two (22), Township Eighteen (18) North, Range Two (2) West of the Indian Meridian, Logan County, Oklahoma.

The Defendant Property has not been seized but is located within this district and within the jurisdiction of the Court. The purchaser of record of **Subject Property 2** is Jiu Bing Lin ("LIN"), pursuant to a Warranty Deed recorded on November 14, 2019, in the records of the County Clerk of Logan County, Oklahoma.

## JURISDICTION AND VENUE

4. Plaintiff brings this action *in rem* to forfeit and condemn **Subject Properties**. This Court has jurisdiction over an action commenced by the United States under 28 U.S.C. § 1345, and the Court has jurisdiction over a civil forfeiture action under 28 U.S.C. § 1355(a).

5. This Court has *in rem* jurisdiction over **Subject Properties** according to 28 U.S.C. § 1355(b), providing that a forfeiture action or proceeding may be brought in the district in which any of the acts or omissions giving rise to the forfeiture occurred.

3

6. Venue is proper in this district pursuant to 21 U.S.C. § 881(j) and 28 U.S.C. § 1355(b)(1) because the acts or omissions giving rise to the forfeiture occurred in this district. Furthermore, venue for **Subject Property 2** is also proper here pursuant to 28 U.S.C. § 1395, because the property is located in this district.

## BASIS FOR FORFEITURE

7. The United States alleges that **Subject Properties** are subject to forfeiture to the United States because they are real properties used or intended to be used to facilitate the commission of criminal activity. Specifically, the United States alleges that **Subject Properties** are forfeitable to the United States under 21 U.S.C. § 881(a)(7) for violations of 21 U.S.C §§ 841 and 846.

8. Title 21, United States Code, Section 881(a)(7) provides the following shall be subject to forfeiture to the United States and no property right shall exist in them:

> All real property, including any right, title, and interest (including any leasehold interest) in the whole of any lot or tract of land and any appurtenances or improvements, which is used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of, a violation of this subchapter.

9. Title 21, United States Code, Section 841 makes it a crime for any person to knowingly possess a controlled substance with intent to distribute that controlled substance.

10. Title 21, United States Code, Section 846 makes it a crime to conspire to violate a provision of Title 21. That is, Section 846 provides that any person who attempts or conspires to commit any offense defined in that subchapter shall be subject to the same

penalties as those prescribed for the offense, the commission of which was the object of the attempt or conspiracy.

### FACTS

11. An investigation has shown that LIN and others, both known and unknown, have manufactured and distributed marijuana, a Schedule I controlled substance, and conspired to do the same, in violation of Title 21, United States Code, Sections 841(a)(1) and 846, respectively. **Subject Properties** were used in furtherance of LIN's drug trafficking activities and are therefore subject to seizure and forfeiture pursuant to Title 21, United States Code, Section 881(a)(7).

12. An investigation by the Drug Enforcement Administration ("DEA") and the Oklahoma Bureau of Investigation and Dangerous Drugs Control ("OBN") has revealed that LIN is engaged in the distribution of black-market marijuana using marijuana farms located at **Subject Property 1** and **Subject Property 2**. On October 19, 2022, a federal grand jury sitting in the Western District of Oklahoma returned an Indictment charging Yuan Yuan Luo ("LUO"), her husband Liang Wu ("LIANG"), his sister Yan Bing Wu ("YAN BING"), and another family member Tongfei Wu ("TONGFEI") with a money laundering conspiracy and substantive counts of laundering money derived from marijuana trafficking. The charges in the Indictment spanned from April 2021 through March 2022. *See* Doc. 1, *United States v. Yuan Yuan Luo, et al.*, CR-22-449-F (W.D. Okla. 2022).

13. Pursuant to those charges, LUO, LIANG, and YAN BING were arrested by the DEA on November 8, 2022, at which time investigators executed a search warrant at, among other places, their residence located at 5705 Country Club Terrace, Edmond,

5

Oklahoma 73025 (the "Country Club Residence").  While executing the search warrant, investigators found numerous documents that suggested the residents were tied to a marijuana grow site at 355630 East 5400 Road, Maramec, Pawnee County, Oklahoma – **Subject Property 1**.  For instance, there were numerous Metrc documents and receipts for purchases for **Subject Property 1**.[1]  Additionally, when investigators found one of the residents, Feng Lin ("FENG"), he was sleeping in his bedroom that also contained a number of bank documents in his name, registered to **Subject Property 1**.  His driver's license also listed **Subject Property 1** as his home address.  Finally, one of the vehicles at the residence, a Honda Odyssey van bearing Oklahoma license plate MHA422 ("Honda Van"), was registered to **Subject Property 1**.  In short, all of this suggested that the residents of the Country Club Residence had some type of business relationship with **Subject Property 1**.  Notably, investigators also located approximately $50,000.00 in receipts from a store named "Hydro Easy Grow" under an account for Jack Lin, LLC.[2]

14. On November 29, 2022, OBN agents conducted an inspection at a marijuana grow operation located at **Subject Property 1**.  There are two marijuana farms registered with OBN at this property: (1) Jack Lin, LLC (OBN registration number 3593883), and (2)

---

[1] Metrc—whose acronymic trade name is derived from "marijuana enforcement tracking reporting compliance"—is the web-based software platform selected by the Oklahoma Medical Marijuana Authority ("OMMA") as the statewide tracking system used by state authorities to determine if OMMA licensees are in compliance with the state's seed-to-sale system and other regulatory requirements.  Specifically, licensees operating grows are required to register them with OBN and to affix tags to the plants.  They are also required to document the marijuana produced and the intended destination of the product.

[2] "Jack Lin" is a known alias used by LIN.

DDLQ, LLC (OBN registration number 10004276). LIN is the listed owner and contact person for Jack Lin, LLC.

15. During the inspection, two individuals who lived at the property, Huiying Wu (HUIYING) and Lin Huang (HUANG), led OBN agents on a tour. While touring the facility, OBN agents asked if there was any marijuana in the residence, after which they were shown three duffel bags containing approximately 75 pounds of undocumented marijuana. OBN agents observed no Metrc tags on the processed marijuana, nor was anyone able to provide any other Metrc documents indicating where the marijuana would ultimately be sold. HUIYING stated to investigators that someone with a transport license was supposed to arrive to take the marijuana to a testing facility. OBN agents were skeptical, however; based upon their training and experience, they advised that the marijuana appeared to be destined for sale on the black market because it was not labeled but was nevertheless vacuum-sealed and stored in duffle bags, as such packaging is commonly used for illegal distribution. Moreover, it seemed unlikely that a testing facility would in fact test the approximately 75 pounds of marijuana. Agents advised that based upon their training and experience, testing facilities only take small samples of processed marijuana and would never test such a large quantity.

16. There were other indications that **Subject Property 1** was being used in furtherance of black-market marijuana distribution. At grow houses on the premises, OBN personnel observed several hundred plants lacking Metrc tags. Further, while some plants did contain tags, the tags were all Jack Lin, LLC tags — not DDLQ, LLC tags, which investigators found unusual given that DDLQ, LLC's commercial grow license granted by

the state is registered to **Subject Property 1**. Additionally, upon being asked to produce sales documents for Jack Lin, LLC's marijuana sales, HUIYING produced transportation manifests, not sales documents.[3] Further establishing a connection between **Subject Property 1** and the Country Club Residence, these transportation manifests did in fact list FENG and the Honda Van as the designated transporter and transporting vehicle for Jack Lin, LLC.

17. On January 10, 2023, investigators with OBN, DEA, Oklahoma State Fire Marshal, Department of Environmental Quality, and the Pawnee County Sheriff's Office executed a search warrant at **Subject Property 1**.

18. During the execution of the search warrant, investigators seized approximately 17,334 marijuana plants and approximately 745 pounds of marijuana. In addition, while searching a trailer located on site, investigators located numerous electric bills from recent months for the property in LIN's name.

19. Law enforcement has confirmed that LIN controls both Jack Lin, LLC, and **Subject Property 1**. Pursuant to a court-authorized search warrant, OBN Agent David Jehle obtained financial records for Jack Lin, LLC; in those records, *inter alia*, LIN signed an "affidavit for sole member of limited liability company" stating he, LIN, was the sole owner of Jack Lin, LLC. Further, property records demonstrate that **Subject Property 1**

---

[3] Oklahoma law requires that sales documents be readily available on site either physically or at very least via immediately accessible electronic documents.

is owned by ZHU, whom law enforcement has identified as LIN's wife.[4]  Investigators have advised that based upon their training and experience, individuals engaged in drug trafficking or other criminal activity will often place assets in the names of other individuals in order to hide assets from law enforcement, and they believe that that is what occurred here.

20.    Records maintained by the Logan County Assessor's Office indicate that LIN was the registered owner of the property at 13586 North Highway 77, Mulhall, Oklahoma (**Subject Property 2**) until March 13, 2023.[5]  YYL, LLC, a marijuana grow facility registered with OBN under the name Qin Fang (FANG) — the husband of YAN BING – is registered at this address.[6]

21.    On January 31, 2023, OBN inspected **Subject Property 2**.  Like **Subject Property 1**, evidence at **Subject Property 2** indicated the owners are engaged in black-market marijuana distribution: there were multiple duffle bags containing vacuum-sealed marijuana and plastic totes full of processed marijuana.  The processed marijuana was not labeled and thus not documented, in violation of state law.  Closer inspection revealed more

---

[4]    The two were married on October 24, 2002, in North Carolina.  Law enforcement believes that the property was placed in her name by LIN as an effort to avoid detection.

[5]    On March 13, 2023, LIN signed a warranty deed, transferring ownership of **Subject Property 2** to his son, Andy Lin.  Investigators believe that this was a fraudulent transfer and an attempt to further distance the asset from LIN.  According to the Logan County Assessor, there is no mortgage on **Subject Property 2** and the office does not have documents indicating that it was sold for anything of value.

[6]    FANG was also located at the Country Club Residence the day of YAN BING's arrest.

than 100 pounds of undocumented, processed marijuana ready for immediate sale. In addition, investigators located several hundred marijuana plants that bore no Metrc tags. In short, it was clear to investigators that **Subject Property 2**, owned by LIN, was not complying with Oklahoma's regulatory regime for the production of medicinal marijuana and was instead supplying a black-market marijuana distribution operation.

22. On March 15, 2023, OBN again inspected **Subject Property 2**. This time, OBN agents observed no active marijuana plants growing on the property, leading them to conclude that all of the marijuana plants observed during the January 31, 2023, inspection had either been cut, moved, or destroyed. OBN agents located four large, black trash bags in one of the grow rooms, each full of marijuana flower. None of these trash bags contained any Metrc tags and no records for the marijuana were produced by workers on-site. Several other violations were noted during the inspection, including a lack of records and inadequate security measures. The marijuana in the four trash bags was surrendered to the OBN agents and the total weight was found to be approximately 84 pounds. In short, it was again clear that the use of **Subject Property 2** was not in compliance with Oklahoma's regulatory regime for the production of medicinal marijuana.

## CLAIM FOR RELIEF

Plaintiff re-alleges each and every allegation set forth above. Based on the above-mentioned facts, there is probable cause that that LIN and others, known and unknown, have manufactured and distributed marijuana, a Schedule I controlled substance, and conspired to do the same, in violation of 21 U.S.C. §§ 841(a)(1) and 846, in the Western District of Oklahoma.

As a result of the foregoing, the **Subject Properties** are liable to condemnation and to forfeiture to the United States pursuant to 21 U.S.C. § 881(a)(7). The United States does not request authority from the Court to seize the real property at this time. The United States will, as provided by 18 U.S.C. § 985(c)(1):

a.  post notice of this action and a copy of the Complaint on the defendant real properties; and

b.  serve notice of this action on the defendant real properties owners and any other person or entity who may claim an interest in the defendant real properties, along with a copy of this Complaint; and

c.  request and execute a writ of entry for purposes of conducting an inspection and inventory of the defendant real properties; and

d.  file *lis pendens* in county records of the defendant real properties' status as defendants in this *in rem* action.

The United States will appraise the **Subject Properties** when it executes the Writs of Entry.

WHEREFORE, Plaintiff requests that the Court issue Writs of Entry at a later date for **Subject Property 1**, located at 355630 East 5400 Road, Maramec, Oklahoma 74045, and **Subject Property 2**, located at 13586 North Highway 77, Mulhall, Oklahoma 73063; that notice of this action be given to all persons who reasonably appear to be potential claimants of interests in the property; that the defendant real properties be forfeited and condemned to the United States of America; that Plaintiff be awarded its costs and

disbursements in this action and for such other and further relief as this Court deems proper and just.

                Respectfully submitted,

                ROBERT J. TROESTER
                United States Attorney

                s/ Danielle M. Connolly
                DANIELLE M. CONNOLLY, OBA #33148
                Assistant United States Attorney
                210 Park Avenue, Suite 400
                Oklahoma City, Oklahoma 73102
                Office: (405) 553-8793
                Fax: (405) 553-8888
                danielle.connolly@usdoj.gov